# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| ELLEN RAPOSA on behalf of LAUREN RAPOSA, | Civil Action No. 2: 21-cv-1049 |
| Petitioner, | Chief United States Magistrate Judge Cynthia Reed Eddy |
| v. | |
| STACY KEILMAN – CEO TORRANCE STATE HOSPITAL, | |
| Respondent. | |

## NOTICE OF DEFICIENCIES

On Friday, August 6, 2021, after the close of business, the Clerk of Court received and lodged a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 submitted by Ellen Raposa (Ellen) on behalf of Lauren (Lauren) Raposa, a pretrial detainee currently confined at Torrance State Hospital. The Petition is sparse in details. It reflects that in MJ-05003-CR-0002349-2021, "[a]fter being found competent, the judge ordered Section 304: Court-ordered Involuntary Treatment Not to Exceed 90 days with Forced Medical Treatment." Pet. at ¶ 3. The grounds for relief are:

> [Lauren] was found competent on 7/21/2021 at her competency hearing.
> She has served over 90 days without charge.
> Her bail has been paid.
> Her treatment at Torrance State hospital has put her life in danger as she has epilepsy and is not receiving care.

Petition at ¶ 13 (quoted verbatim). The Petition was not accompanied by the filing fee or a motion for leave to proceed *in forma pauperis*. The requisite filing fee was paid on Tuesday, August 10, 2021 (ECF No. 2) and the Petition was filed. (ECF No. 3).

1

A review of the public dockets reveals that Lauren has been charged with defiant trespass in two (2) separate criminal matters pending in a Magisterial District Court of Allegheny County. *See Commonwealth v. Raposa*, Docket Nos. MJ-05003-CR-0001576-2021 and MJ-05003-CR-0002349-2021.  The public docket sheets reflect that Lauren had a preliminary arraignment in MJ-05003-CR-0001576-2021 on March 27, 2021, and a preliminary arraignment in MJ-05003-CR-0002349-2021 on May 5, 2021. The public docket at MJ-05003-CR-0001576-2021 reflects that on March 27, 2021, a monetary bail of $5,000.00 was set and that on March 30, 2021, bail was modified to ROR.  The public docket at MJ-05003-CR-0002349-2021 reflects that on May 5, 2021, a monetary bail was set at $50,000.00, that on May 19, 2021, at the request of a public defender, bail was reduced to $500.00, and that on July 30, 2021, the surety, Ellen Raposa, posted the surety amount of $50.00.  A preliminary hearing is scheduled in both cases in Pittsburgh Municipal Court on November 18, 2021, at 8:45 a.m.[1]

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Upon conducting this examination, the undersigned must advise Ellen that there are a problems with her filing which may prevent habeas corpus jurisdiction vesting in this Court.

First, "[i]t is well established, . . . , that before a court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite

---

[1]   The Petition reflects that a "Motion for Immediate Release" was filed by Linda Tashbook and a "preliminary hearing moved up to 8/17/2021." That information is not reflected on either public docket that the Court reviewed.

standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). "Where standing is lacking, the federal courts lack the power to grant habeas relief." *Zettlemoyer v. Horn*, 53 F.3d 24, 26 (3d Cir. 1995). The Court has an obligation to raise the issue of standing *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003).

The habeas corpus statutes allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. Title 28, United States Code, § 2242 provides in relevant part: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." "'Next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165. The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 163. "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Id*. at 155-56.

Here, the Petition filed by Ellen does not show that she has standing to proceed as next friend of Lauren. Nothing contained in the Petition demonstrates that Lauren "is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165.

Next, assuming that Ellen has standing to proceed as next friend of Lauren, because of certain statutory provisions, it is important that the Court make a threshold determination of whether the instant case is a habeas corpus action or a civil rights action. The Court cannot

discern from the Petition whether Ellen is challenging the very fact or duration of Lauren's confinement at Torrance State Hospital, in which case her sole remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 474, 500 (1973).  Or whether she is challenging a condition of confinement, *i.e.,* the medical treatment, or lack thereof, Lauren is receiving, in which case a civil rights action is appropriate.  *Leamer v. Fauver*, 288 F.3d 532, 52 (3d Cir. 2002).   While the relief sought in the Petition is "immediate release of Lauren Raposa," among the grounds listed for relief are that Lauren's "treatment at Torrance State hospital has put her life in danger as she has epilepsy and is not receiving care.  Dr. Mathew Lang claims to be a board certified neurologist but is not after checking with the American Board of Psychiatry and Neurology." Pet. at ¶ 13.   This type of claim appears to be a claim raising a constitutional violation concerning Lauren's conditions of confinement, which is not cognizable in a petition for writ of habeas corpus.  Should Ellen wish to pursue such a claim, then she must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  In that case, she should initiate new proceedings by filing a civil rights complaint with the Court and tendering to the "Clerk, U.S. District Court" the statutory filing fee in the amount of $350.00, plus a $52.00 administrative fee, for a total of $402.00 or file a properly completed application to proceed *in forma pauperis*.

Third, again assuming that Ellen has standing to proceed as next friend of Lauren, to the extent that Ellen has stated a cognizable habeas claim, § 2241 provides federal courts with jurisdiction to issue a writ of habeas corpus before a state court judgment is rendered, but only in very limited circumstances.  "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstances 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'."  *Duran v. Thomas,* 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 45-46 (3d Cir. 1975)).

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  Importantly, state pre-trial detainees who seek federal habeas relief must first exhaust their state-court remedies. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Where state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971).  Three criteria must be satisfied before *Younger* abstention is appropriate: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). Here, it appears that all three *Younger* criteria have been met.

If Ellen intends to proceed with this habeas case, she must file by **August 31, 2021**, an amended § 2241 petition, which (1) demonstrates that she has standing to proceed as next friend of Lauren and (2) demonstrates why *Younger* abstention is not appropriate.  If Ellen fails to file an amended § 2241 petition by August 31, 2021, the undersigned will proceed on the original

petition (ECF No. 3) and will recommend dismissal of the petition for the reasons set forth in this Notice.

So **ORDERED** this 12th day of August, 2021.

<u>s/ Cynthia Reed Eddy</u><br>
Cynthia Reed Eddy<br>
Chief United States Magistrate Judge

cc:     **ELLEN RAPOSA**
        107 Wyndmere Dr.
        Cranberry Twp, PA 16066
        (via U.S. First Class Mail)